## Love *vs.* Humphrey and others.

Where ²judgment on demurrer is given for the plaintiff on *part of a count* as to which a justification was attempted and failed, and where to the residue of the count there is an *issue of fact*, and a like issue upon other counts in the declaration, the plaintiff cannot proceed under the judgment on the demurrer, and have his damages assessed by a sheriff's jury, by virtue of a writ of inquiry, without previously entering a *nolle prosequi* upon the counts and parts of counts as to which issues of fact are joined.

*It seems* that such *nolle prosequi* may be entered without special leave from the court.

The statutes directing suits against public officers to be brought in the county where the fact complained of happened, and giving judgment of discontinuance if the action is not laid in such county, do not apply where writs of inquiry are executed; they apply only to *trials* upon *issues joined.*

*It seems,* also, that officers acting *mala fide* would not be entitled to the benefit of those provisions, even on *trials* of issues joined.

April 4.

Writ of inquiry, after judgment for plaintiff, on demurrer as to part of causes of action. The declaration contained two counts for an assault and battery alone, and two counts for an assault and battery *and* false imprisonment. The defendants pleaded *not guilty* as to the assault, and justified as to the imprisonment under a warrant in a civil suit, issued by a justice of the peace of the county of *Schenectady,* alleging that one of them acted as a *constable* in the service of such process, and the others in his aid. The plaintiff replied to the justification, that previous to the arrest on the warrant set forth in the plea, he was arrested in the county of *Montgomery* on a warrant issued by a justice there, at the instance of the same plaintiff who sued out the warrant in Schenectady, and that whilst passing through a portion of the county of Schenectady on his way to the office of the justice in Montgomery, he was arrested on the warrant set forth in the plea, and that the defendants had full notice of the previous arrest. To this replication the defendants demurred, and the plaintiff had judgment, *vide ante,* 204. The plaintiff then sued out a writ of inquiry to the sheriff of *Montgomery,* where the venue in the cause was laid, and had his damages assessed at $500. The writ of inquiry

set forth the whole declaration, and contained no suggestion that a *nolle prosequi* had been entered as to the counts and parts of counts upon which *issues of fact* had been joined. The defendants moved to set aside the writ of inquiry and inquisition thereon, for the want of such suggestion; and contended, besides, that inasmuch as the replication admitted that the acts which were complained of as illegal were done in the county of *Schenectady* by one of the defendants as a *constable*, by virtue of his office, and by the others in his aid and assistance, and it appeared that the venue was not laid in that county, but in the county of *Montgomery*, that the defendants were entitled to judgment of discontinuance. 1 *R. L.* 155, § 1. 2 *R. S.* 353, § 14. *id.* 409, § 3.

*M. T. Reynolds*, for the defendants.

*P. Potter*, for the plaintiff.

*By the Court*, NELSON, J. The English practice would probably sustain the plaintiff's attorney in the course pursued by him in this cause, 1 *Str.* 532; 7 *T. R.* 473; 1 *Com. L. R.* 445; 2 *Archb. Pr.* 32, 249; but our practice is different, and for reasons which should induce the court to adhere to it, were it not settled, (as it is,) by paramount authority. *Backus* v. *Richardson, in error*, 5 *Johns. R.* 476.

If there is a demurrer to one count, and issue upon another, and judgment for plaintiff on the demurrer, and he be content to take the damages thereupon, he may enter a *nolle prosequi* as to the issue, and assess his damages by executing a writ of inquiry, or obtaining an assessment by the clerk, as the case may be; but in such case he must enter a *nolle prosequi*, and cannot afterwards try the issue. 1 *Salk.* 219. 1 *Str.* 532. 1 *Saund.* 109, 111. 2 *Archb. Pr.* 11, 249. If he seeks to recover damages on both counts, he must suspend the assessment upon the judgment on demurrer until the trial of the issue, and take out a venire *tam quam*. The same practice is of course applicable where issue is joined upon part of a count, and a demurrer put in as to the residue, which is allowable by the rules of pleading.

The practice in England, as appears from the authorities above referred to, is to enter the *nolle prosequi* at any time before final judgment, so far as the assessment of damages is concerned, and without leave of the court. 2 *Archb. Pr.* 250. In this court it must be entered before the issuing of the writ of inquiry, so that the writ contain no more of the pleadings than those upon which damages are assessed, for the reasons given in the case of *Backus* v. *Richardson.*

Whether leave must be obtained by an application to the court to enter a *nolle prosequi,* is a question I do not consider as settled by the case of *Backus* v. *Richardson,* though that practice is countenanced by the senator whose opinion prevailed in that case. I cannot imagine any reason for the trouble or expense of such proceeding. Wherever a party may enter a *nolle prosequi,* it is a matter of course, and is, or would be, always at his peril. There are cases where the practice is not justified, 1 *H. Bl.* 108; 4 *T. R.* 36; but in those cases leave would not be granted on application. Whether the adverse party would be entitled to costs as a consequence of this step, in any given case, is not necessarily connected with the act; if he was, and payment was omitted or refused, a summary remedy is at hand. In most cases the practice would be, confessedly, matter of form, and this is no doubt the reason that the practice for which we are contending has ultimately prevailed in England.

It is contended that the writ of inquiry is irregular, because executed in the county of *Montgomery,* it appearing that the act of the defendants was committed in *Schenectady.* The statutes requiring the plaintiff in an action against a public officer, deputy or assistants, to prove the acts done, for the doing of which the suit is brought, in the county where the venue is laid, 2 *R. S.* 353, § 14, *id.* 409, § 3, are applicable to a "*trial,*" and not to an assessment by execution of a writ of inquiry. Even upon a trial, if the facts should appear as strong as stated in the plaintiff's replication, I should entertain serious doubts whether the defendant would be entitled to the benefits of those provisions, as the whole proceedings on the part of the plaintiff in the warrants in both counties were obviously a trick, and fraud upon the law, and his

co-defendants are alleged to have acted with full notice. It is not, however, important to express a definitive opinion on this point.

The writ of inquiry and inquisition must be set aside with costs. The plaintiff may enter a *nolle prosequi* and issue a new writ, in conformity with the principles above expressed.